## Case No. 13,733.

### TALBOTT v. WRIGHT.

[2 Cin. Law Bull. 78.]

Circuit Court, D. Indiana. 1877.

LIMITATION OF ACTIONS — EFFECT OF A BAR IN ANOTHER STATE — CONSTITUTIONAL LAW.

[1. The Indiana statute, providing that a cause of action barred by the laws of the place where defendant resided shall be barred in that state, applies to the case of one who contracted a debt while a resident of Indiana, and afterwards removed to a place by the laws of which the cause

1 [Reported by Hon. William Cranch, Chief Judge.]

of action became barred before it would have been barred under the laws of Indiana if he had remained there.]

[2. When a cause of action is once fully barred by the statute of limitations, the legislature has no authority to again revive it by lengthening the period of limitation or excepting certain cases from the operation of the statute.]

[3. The immunity from suit arising when a cause is barred by limitation is a personal immunity, which follows the person of the debtor into whatever state or territory he may go.]

[This was an action by John H. Talbott, administrator of Hiram E. Talbott, against John W. Wright, upon certain notes made by defendant to Hiram E. Talbott.]

Turque & Pierce, for defendant.

DRUMMOND, Circuit Judge. This was an action brought by the plaintiff upon certain notes of the defendant, given to the plaintiff's intestate, amounting in all to $50,000. $30,000 of the paper was payable in New York City, and $20,000 in Hartford, Connecticut. The notes were executed March 17, 1857, and were all payable within one year therefrom. The defendant, among other defenses, pleads, in the sixth and seventh paragraphs of his answer, the statute of limitations. The suit was commenced in August, 1874, in the circuit court of Cass county, and transferred here upon the defendant's application. The defendant sets up, in the sixth paragraph of his answer, that in March, 1860, he removed from Indiana, where he had before that time been residing, and where the notes were made, to Washington City, in the District of Columbia, and continued to reside in said city until November, 1873; that long before and during the whole time of his residence in the District, there had been a law in force in said District limiting actions upon promissory notes to three years from the date of the maturity thereof; that the said action was, by the law of said District, barred therein, and was consequently barred here in Indiana. In the seventh paragraph, the defendant alleges that he is a resident of the state of West Virginia; that he has resided there since November, 1873; that before and during the time of his residence therein, there had been a law in force in the state of West Virginia barring actions upon promissory notes in five years after the maturity thereof; that said action is barred by the said law of West Virginia, and is consequently barred here.

The plaintiff demurs to each of these paragraphs, and the question arises under these pleadings whether these two paragraphs, or either of them, is a good bar to the action. After due consideration, we have come to the conclusion that the paragraphs in question are properly pleaded, and that they constitute a full defense to the plaintiff's action. The state of Indiana, it seems, has a statute of limitations containing, among other provisions, the following: "The time during which the defendant is a non-resident of the

state, or absent upon public business, shall not be computed in any periods of limitation; but when a cause has been fully barred by the laws of the place where the defendant resided, such bar shall be the same defense here as though it had arisen in this state." [2 Laws Ind. 1852, p. 77, § 217.] We think, under this section, these defenses are well pleaded. Doubtless, the legislature intended by it to encourage immigration to the state, by saying to one desiring to remove here: "You shall, in regard to your indebtedness, be in no worse condition than in the country of your former residence." The plaintiff contends that the legislature certainly did not intend to provide one who had been a citizen of the state with immunity from liability for indebtedness contracted in the state; that the law only applies to indebtedness contracted by one who had not resided in the state, and who has, during his nonresidence, contracted debts out of the state. But this statute is very general in its terms, and such statutes frequently accomplish more than may be wished or desired. Besides, there are just as strong reasons in public policy for encouraging the return of those who have been once residents, as the removal of those who have never been residents. This court generally follows the decision of the highest court of the state on questions of statutory constructions. We may not be technically bound to do so, but such is the uniform practice. The supreme court of the state has three different times, and in one instance in which the same defendant, Wright, was a party, held that the plea of the statute of the foreign state was good, and we shall hold in the same manner.

The plaintiff, however, claims that, since these decisions, in March 13th, 1875, the legislature amended the statute above cited, and that the effect of that amendment is to invalidate the plea. The amendment of 1875 [Laws Ind. 1875, p. 64] reads as follows: "Provided, that the provisions of this section shall be construed to apply only to causes of action arising without this state." The defendant, on the contrary, claims that this proviso does not apply in this case at all; that the cause of action arose on failure to pay at the places designated, New York and Hartford, and did not arise in Indiana. We are of the same opinion,—that the cause of action, in the sense that suit will lie thereon, arises where and when the paper matures and default is made, not where the notes happened to be executed. But there is another principle which fully supports these defenses. It is laid down by the text writers upon the subject of limitation that when a cause of action is once fully barred by the statute in force during such bar, that no subsequent legislation can revive it. The legislature may create a new cause of action. They may lengthen or shorten the periods of limitation as to causes of action in existence; but when, by the statute in force at the time, a cause of action is once barred, no future action of the legislature can give it vitality. The same doctrine has been frequently expressly decided in Indiana, the state in which we are now holding. By the laws of the District of Columbia, and by the laws of the state of West Virginia, the present and former domiciles of the defendant, actions upon this paper were barred many years before the commencement of this suit. Can the legislature, by an act passed in 1875, after its commencement, revive them? We think not. No legislative action could possibly have this effect, or any effect at all, upon causes of action barred before its passage. The proviso of 1875,' or any such subsequent legislation, could only affect causes of action in existence at the time of its passage.

Something has been said by the plaintiff, in argument, about the defendant having changed his residence from the District to West Virginia. But we do not conceive that it at all affects his right to plead such foreign domicile as a defense in this action. He lived 12 years in the District of Columbia. One of the incidents of that domicile is the right, under the Indiana statute, to use its law of limitation as a defense. His subsequent removal to West Virginia does not change or alter the fact of his residence in the District. The immunity he thus acquired is a personal one. It follows, his person, and no matter in what state or territory he now resides, he may use the right, and plead it whenever he is sued in Indiana. The demurrer to the sixth and seventh paragraphs of the answer is overruled.